UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:07-cr-0105-SEB-TAB |
| JAMARR GAINES | ) ) | - 09 |
| Defendant. | ) ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct hearings on the Petitions for Warrant or Summons for Offender Under Supervision ("Petitions") filed on July 15, 30, and September 4, 2019, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 12, September 4, and September 23, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 12, September 4, and September 23, 2019, defendant Jamarr Gaines appeared in person with his appointed counsel, William Dazey. The government appeared by Barry Glickman and Nick Linder, Assistant United States Attorneys. The United States Probation Office ("USPO") appeared by Officer Jessica Lampe, who participated in the proceedings.

---

[1]   All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gaines of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Gaines questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petitions were provided to Mr. Gaines and his counsel, who informed the court they had reviewed the Petitions and that Mr. Gaines understood the violations alleged. Mr. Gaines waived further reading of the Petition.

3. The court advised Mr. Gaines of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Gaines was advised of the rights he would have at a preliminary hearing. Mr. Gaines waived his right to a preliminary hearing, stipulating that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions.

4. The court advised Mr. Gaines of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Gaines, by counsel, stipulated that he committed Violation Numbers 1, 6, and 7 set forth in the Petition as follows:

**Violation**
**Number**      **Nature of Noncompliance**

| | | |
|---|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** | |

On June 27, 2019, Mr. Gaines submitted an [sic] urine sample which returned positive for cocaine. He denied use, and the sample was sent to Alere Laboratory where it confirmed positive for cocaine.

| | | |
|---|---|---|
| 6 | **"The defendant shall refrain from any unlawful use of a controlled substance."** | |

On July 29, 2019, Mr. Gaines submitted an [sic] urine screen which returned positive for marijuana.

| | | |
|---|---|---|
| 7 | **"You shall be monitored by GPS Monitoring to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, religious services, medical, substance abuse or mental health treatment, attorney visits, curt-ordered obligations, or other activities as preapproved by the probation officer."** | |

On September 3, 2019, Mr. Gaines was placed on the Location Monitoring Program. He refused to abide by the rules set forth in the participant agreement. Specifically, he indicated he would not pay the daily monitoring rate nor would he take responsibility for the equipment if it were damaged. He indicated he would rather go to prison than to pay any fees or be responsible for the equipment.

6. The court placed Mr. Gaines under oath and directly inquired of Mr. Gaines whether he admitted violations 1, 6, and 7 of his supervised release set forth above. Mr. Gaines admitted the violations as set forth above and provided additional testimony in explanation of Violations 6 and 7. The government moved to dismiss violations 2, 3,4, and 5 and the same was granted.

7. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Gaines's criminal history category is III.

      (c)      The range of imprisonment applicable upon revocation of Mr. Gaines's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a term of incarceration with no supervised release to follow. The defendant argued to continue on current conditions of supervised release.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the recommendations of the parties and the USPO, **NOW FINDS** that the defendant, JAMARR GAINES, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **MODIFIED** and that, in addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer in supervising the offender and to promote public safety. Given the offender's offense and accompanied by his violation behavior while on supervised release, the aforementioned conditions are prudent.

Additional recommended conditions of supervision include:

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that

>    impair a person's physical or mental functioning, whether or not intended for human consumption.
>
> 18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.
>
> Given the offender's history of substance abuse, including the present violation, these conditions are necessary.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. The court also imposed the following conditions:

> 19. You shall be monitored by GPS Monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all the technology requirements. You are restricted at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as preapproved by the probation officer. You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office. You are to abide by all rules of location monitoring including fees and damages.
>
> 20. You shall not be employed by any ride sharing services i.e. Uber, Lyft, etc. while being monitored on GPS.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those

6

portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Gaines entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Gaines's supervised release to include 120 days of GPS monitoring, home detention, and employment restrictions with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Gaines is released and is to follow the terms of supervised release.

IT IS SO RECOMMENDED.

Date: 10/2/2019

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system