UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0105-SEB-TAB |
| | ) | |
| JAMARR GAINES, | ) | - 09 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 5, 2019, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 16, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 16, 2019, defendant Jamarr Gaines appeared in person with his appointed counsel, William Dazey. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Patrick Jarosh, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gaines of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Gaines and his counsel, who informed the court they had reviewed the Petition and that Mr. Gaines understood the violations alleged. The court read the Petition to Mr. Gaines.

3. The court advised Mr. Gaines of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Gaines was advised of the rights he would have at a preliminary hearing. Mr. Gaines stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Gaines of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear. Mr. Gaines advised the court that he wanted to proceed with a hearing.

5. After a hearing, the court found defendant Jamarr Gaines guilty of violation number 1, in part. [Docket No. 437.] Defendant Jamarr Gaines was found not guilty of allegations occurring on October 18, and November 22, 2019.

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall be monitored by GPS Monitoring for a period of 120 days months, to commence as soon as practical, and shall abide by all technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer."** |
| | Since September 30, 2019, Mr. Gaines has had numerous incidents of non-compliance involving his GPS Monitoring. On October 5, and 24, November 21, 2019, Mr. Gaines made unauthorized and unapproved stops while scheduled out. On October 8 and 26, and November 5, 2019, he left early or without authorization. On November 16, 2019, he returned late to his residence. On October 7 and 11, 2019, he failed to properly change his battery. On October 29, 2019, he failed to maintain electrical service. In addition, as alleged in a prior petition, Mr. Gaines continues to refuse to pay toward the cost of his GPS Monitoring. As of November 30, 2019, he has an outstanding balance of $362.95, and has made no payments. |

6. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Gaines's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Gaines's supervised release, therefore, is 5 - 11 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

7. The government argued for a sentence at the low end of the guidelines with no supervised release to follow. The defendant argued to remain on supervised release.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JAMARR GAINES, violated the above-specified conditions in the Petition. In light of the facts, and in particular Mr. Gaines's numerous prior violations, the court finds that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the

Attorney General or his designee for a period of six (6) months with no supervised release to follow. The defendant is to be released on his current conditions of supervised release pending the District Court's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Gaines entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the Magistrate Judge **RECOMMENDS** the District Court adopt the above recommendation revoking Mr. Gaines's supervised release, imposing a sentence of imprisonment of six (6) months with no supervised release to follow. The defendant is to be

released on his current conditions of supervised release pending the District Court's action on this Report and Recommendation.

    IT IS SO RECOMMENDED.

Dated: December 23, 2019

    _____
    Debra McVicker Lynch
    United States Magistrate Judge
    Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system