UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:07-cr-00105-SEB-TAB |
| JAMARR GAINES<br>a/k/a Omar, | ) ) ) | -09 |
| Defendant. | ) ) | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Now before the Court is an Objection to Report and Recommendation on the Petition for Warrant or Summons for Offender Under Supervision filed by Defendant Jamarr Gaines. [Dkt. 454]. For the reasons set forth herein, the Court **OVERRULES** Defendant's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. 447] as discussed below.

## **Background**

On September 8, 2008, Mr. Gaines entered a petition to enter a guilty plea as to the offence of Conspiracy to Possess with Intent to Distribute and to Distribute 500 Grams or More of Cocaine (21 US.C. §§ 841(a)(1), 846, and 851). Mr. Gaines appeared for a change of plea and sentencing hearing on December 15, 2008, and was sentenced to 120 months of incarceration and eight years of supervised release.

After Mr. Gaines finished serving his sentence of incarceration, his term of supervised release commenced on September 5, 2015. Four years thereafter, on

1

December 5, 2019, the United States Probation Office ("USPO") filed a Petition for Warrant or Summons for Offender Under Supervision. Mr. Gaines, having been fully advised of his rights, waived a preliminary hearing. The Magistrate Judge conducted a revocation hearing on December 16, 2019, at which Mr. Gaines was found guilty of having violated his conditions of supervised release on ten occasions over the eight-week period between October 5, 2019, and November 30, 2019. Specifically, he committed the following violations with respect to the conditions of his GPS monitoring and home detention:

> On October 5, and 24, November 21, 2019, Mr. Gaines made unauthorized and unapproved stops while scheduled out. On October 8 and 26, and November 5, 2019, he left early or without authorization. On November 16, 2019, he returned late to his residence. On October 7 and 11, 2019, he failed to properly change his battery. On October 29, 2019, he failed to maintain electrical service. In addition, as alleged in a prior petition, Mr. Gaines continues to refuse to pay toward the cost of his GPS Monitoring.[1] As of November 30, 2019, he has an outstanding balance of $362.95, and has made no payments.

[Dkt. 447, at 3]. The parties and the USPO further stipulated that: (a) the highest grade of violation is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)), (b) Mr. Gaines's criminal history category is III, and (c) the range of imprisonment applicable upon revocation of Mr. Gaines's supervised release, therefore, is 5-11 months' imprisonment (*see* U.S.S.G. § 7b1.4(a)).

While the Magistrate Judge acknowledged that the most recent violations might appear inconsequential when viewed in isolation, she found the combination of Mr.

---

[1] Mr. Gaines previously stated he would rather "go to jail" than contribute to the costs of his GPS Monitoring.

Gaines's violations to be troubling. In light of Mr. Gaines's admissions of these recent facts, as well as his numerous prior violations,[2] the Magistrate Judge recommended that Mr. Gaines's supervised release be revoked and that he be incarcerated for six months with no supervised release to follow. On December 6, 2020, Mr. Gaines filed an Objection to the Report and Recommendation of the Magistrate Judge, which is now ripe for the Court's consideration.

## Standard of Review

Federal Rule of Criminal Procedure 59(b)(3) provides that the Court will review *de novo* recommendations by a Magistrate Judge on dispositive motions. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Although no deference is owed to a magistrate judge's recommendations under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*,

---

[2] On October 2, 2019, Mr. Gaines was found to have violated three conditions of his supervised release when he: submitted a urine sample which returned positive for cocaine on June 27, 2019; submitted a urine sample which returned positive for marijuana on July 29, 2019; and refused to abide by rules set forth in his GPS monitoring participant agreement on September 3, 2019. The Magistrate Judge held three revocation hearings related to the disposition of these violations, at which the government argued for a term of incarceration. In lieu of incarceration, the Magistrate Judge recommended that Mr. Gaines's supervised release be modified to include an additional 120 days of GPS monitoring, home detention, and employment restrictions. At the final revocation hearing on these violations, the Magistrate Judge informed Mr. Gaines that he had "stretched" the Court and USPO to the limits of their patients and warned him that the modifications should be strictly adhered to. Without objection from either party, we concurred in the Magistrate Judge's Report and Recommendation on October 23, 2019. [Dkt. 433-35].

1999 WL 527927, at *2 (7th Cir. 1999), this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge also may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

## Discussion

Mr. Gaines objects here only to the Magistrate Judge's recommended sentence of six months' imprisonment; he does not challenge the Magistrate Judge's recommended finding of facts nor the applicable Sentencing Guidelines range. Mr. Gaines concedes that he has "strained the patience of the United States Probation department and the United States Attorney's Office through his course of conduct . . . and that the magistrate judge has exercised a good deal of restraint and forbearance[.]" He further acknowledges that three sequential supervision violation petitions resulted in his admissions of cocaine use, marijuana use, and an obdurate refusal to pay for his location monitoring fees.

Because his most recent violations were "relatively minor failures to observe the pre-approved electronic monitoring schedule and a failure to pay the costs of monitoring," Mr. Gaines requests that the court impose a term of six months' community confinement as a condition of supervision and as an alternative to incarceration, which he

4

argues would be an "incremental increase in sanctions" following the term of house arrest previously imposed. Mr. Gaines asserts that community confinement might carry significant putative and deterrence effects without forcing him to forfeit the job he has managed to secure while on supervised release. Alternatively, Mr. Gaines requests that the Court include a recommendation to the Bureau of Prisons in its Judgment and Commitment Order that he be designated to a community confinement facility to serve the sentence imposed.

The government rejects Mr. Gaines's *de minimis* characterization of his violations, noting that the Magistrate Judge has conducted four supervised released hearings for Mr. Gaines during the past six months. Moreover, the Magistrate Judge has previously imposed incremental remediations in an effort to help Mr. Gaines maintain his employment while at the same time it imposed tighter restrictions to his supervision. Mr. Gaines has nonetheless remained uncooperative with USPO and continued to violate the conditions of his supervised release, which totaled ten violations in two months. As the USPO has informed the Court, this recalcitrance has made Mr. Gaines inordinately difficult to supervise, and his non-compliance has "defeated" the purpose of GPS monitoring. Thus, the government argues, the Magistrate Judge was "correct to conclude Mr. Gaines's history and circumstances on supervised release and GPS monitoring does not foreshadow success at a residential reentry center."

After careful *de novo* review of the facts in evidence including those found in the Magistrate Judge's report and recommendation and the recorded arguments presented at the revocation hearings, we hold that a six-month period of incarceration is an

appropriate and reasonable sanction for these violations. It is particularly significant in terms of our judgment that following Mr. Gaines's violations of his supervised release in July and September 2019, which culminated in 120 days of GPS monitoring, home detention, and employment restrictions along with a warning by the Magistrate Judge that future non-compliance with these modified supervised release conditions would be met with stern action, Mr. Gaines continued to commit violations. Clearly, incremental enhancements of his supervised release restrictions has not effectively secured Mr. Gaines's compliance with those conditions. Hopefully, a six-month sentence of incarceration with no supervised release to follow, which punishment reflects the low end of the applicable guideline range, will impress upon him the importance of his acquiescence in the Court's orders and effectuate the purposes of 18 U.S.C.§ 3553(a).

The objection to the Magistrate Judge's Report and Recommendations is **overruled.**

IT IS SO ORDERED.

Date: 2/3/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal Service